IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Tax Repository Sale of Tax : 
Delinquent Properties September : 
23, 2024, Parcel No. 15-28-0113 : 
Petitioner Benjamin Skelton : 
                                   :   No. 218 C.D. 2025 
Appeal of: Benjamin Skelton :   Submitted: May 12, 2026

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: July 31, 2026

Benjamin Skelton (Skelton) appeals from the January 22, 2025, order of the Court of Common Pleas of Fayette County (trial court). The trial court denied as untimely Skelton's petition to set aside the September 23, 2024, upset sale of a property in Uniontown, Pennsylvania. Upon review, we reverse and remand to the trial court for further proceedings in accordance with this opinion.

## I. Factual and Procedural Background

The following facts are not in dispute. Skelton has lived his entire life at 369 Club Sofia Road in Uniontown, Pennsylvania. Trial Ct. Op. at 1 (Original Record (O.R.) # 21). Since his father passed away in or around 2021, the property has been in Skelton's name only. *Id.* There were no mortgages or other liens encumbering the property, but $3,791.02 in unpaid property taxes from prior years was due as of mid-2024. *Id.*; *see also* Hr'g Ex. D. On September 23, 2024, the Fayette County Tax Claim Bureau (Bureau) sold the property at a scheduled upset

sale to Steven Sickles (Sickles) for the price of the unpaid taxes. Trial Ct. Op. at 2. On December 31, 2024, Skelton filed a petition to set aside the sale, asserting that the Bureau did not comply with the notice requirements of the Real Estate Tax Sale Law[1] (RETSL). O.R. # 1. Sickles filed a timely petition to intervene, which the trial court granted. Trial Ct. Docket at 1. The trial court held a hearing on January 15, 2025, at which Skelton, Sickles, and the Bureau were all represented by counsel.

Rebecca Ciesznski, the Bureau's director and chief county assessor, testified for the Bureau that she prepared for and supervised the September 2024 upset sale of multiple properties. N.T. at 8. She described the notices purportedly provided to Skelton both before and after the sale: two pre-sale notices were sent on specific dates; post-sale notice was sent on an unspecified date that Ciesznski thought was in November 2024; and none of those mailings were either acknowledged or returned to the Bureau as undelivered. *Id*. at 9-14; 17-18 & 35; Hr'g Exs. D-F & I. She stated that a decree nisi for the sale was issued on October 18, 2024, and that when no objections were filed within 30 days, the Bureau issued a deed for the property to Sickles. *Id*. at 15-16. Counsel for Sickles confirmed that his client received the deed on November 26, 2024. *Id*. at 35. Ciesznski also testified that the property was posted and that Skelton was personally served prior to the sale and that he had gone to the Bureau on the last day before the sale and paid a portion, but not all, of the overdue tax bill. *Id*. at 14, 16, 33-34 & 38; Hr'g Ex. C.

Skelton testified that he did not receive the Bureau's mailed notices, see the posting on the property, or recall being personally served with notice of the pending sale; he believed that a prior head injury had affected his memory and that a former girlfriend was stealing his mail. N.T. at 21-27. He stated that he did not

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

know the property was to be sold or that it had been sold until, in late December 2024, he called the local sewage authority to pay his bill and was asked why he was paying a bill on a property he did not own; two days later, he called his attorney. *Id.* at 21 & 29-31. The instant challenge to the tax sale followed.

On January 22, 2025, the trial court issued an order denying as untimely Skelton's petition objecting to the sale. O.R. # 7. The trial court subsequently issued a May 16, 2025, opinion in support of its order. Trial Ct. Op. at 2-3. Skelton timely appealed to this Court and this matter is now ripe for disposition.

## II. Issue and Arguments

Skelton argues that the trial court erred, abused its discretion, and violated due process by concluding that his petition to set aside the sale was untimely when the record shows that the Bureau did not comply with the RETSL's notice requirements. Skelton's Br. at 14-18. The Bureau responds that the record establishes its compliance with the RETSL and supports the trial court's conclusion that Skelton had actual or constructive notice prior to the sale. Bureau's Br. at 2-4. Sickles adds that the October 18, 2024, decree nisi announcing the 30-day objection deadline was published in two local newspapers and that once the deadline passed on November 18, 2024, the sale was confirmed absolutely and he received the property deed, so Skelton's late objection petition cannot undo the sale. Sickles's Br. at 2-3.

3

### III. Discussion

The RETSL provides specific requirements for notice by the tax claim bureau after an upset sale occurs and for when and on what grounds an owner may challenge a sale after it occurs.[2]  Section 607 states, in pertinent part:

> (a.1)(1) Notice shall be given by the bureau within thirty (30) days of the actual sale to each owner by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner at his last known post office address as determined in section 602(e)(2)1 that the property was sold *and that the owner may file objections or exceptions with the court relating to the regularity and procedures followed during the sale no later than thirty (30) days after the court has made a confirmation nisi of the consolidated return*.
>
> . . . .
>
> (g) If no objections or exceptions are filed . . . and the sale confirmed absolutely, the validity of the tax, its return for nonpayment, the entry of the claim, or the making of such claim absolute and the proceedings of the bureau with respect to such sale, shall not thereafter be inquired into judicially in equity or by civil proceedings by the person in whose name such property was sold . . . *except with respect to the giving of notice under the act*, to the time of holding the sale, or to the time of petitioning the court for an order of sale.  There shall be no period of redemption after such sale and the sale shall be deemed to pass a good and valid title to the purchaser, free from any liens or encumbrances whatsoever, except such liens as are hereafter specifically saved, and in all respects as valid and effective as if acquired by a sheriff's deed.

72 P.S. § 5860.607 (emphasis added).

---

[2] Our standard of review in tax sale cases is to determine whether the trial court abused its discretion, rendered a decision lacking in evidentiary support, or erred as a matter of law.  *Cruder v. Westmoreland Cnty. Tax Claim Bureau*, 861 A.2d 411, 414 n.10 (Pa. Cmwlth. 2004).

Relevant to this case, as set forth above, Section 607(g) of the RETSL expressly states that an allegation of defective notice is one of the few aspects of a tax sale that may be contested after the period to file objections or exceptions ends and even after the sale is confirmed absolutely and the deed has been transferred, which Sickles's counsel confirmed occurred here in late November 2024. *See* 72 P.S. § 5860.607(g); *see also In re Jud. Sale, Tax Claim Bureau of Northampton Cnty.*, 720 A.2d 818, 822 (Pa. Cmwlth. 1998) (analyzing Section 607(g) in context of a judicial sale and noting that it provides for the "precise scenario" in which a trial court may set aside a sale, even after confirmation, if the bureau has failed to show compliance with the relevant notice provisions).

Here, the trial court determined that Skelton's deadline for challenging the September 23, 2024, sale was November 18, 2024, which was 30 days after the trial court issued its confirmation nisi. Trial Ct. Op. at 2. The trial court stated that Skelton's petition to set aside the sale was not filed until December 31, 2024, making it facially untimely. *Id.* The trial court then considered the parties' evidence regarding pre-sale and post-sale notice and rejected Skelton's contention that the Bureau's notice was defective. *Id.* The trial court pointed to the evidence of personal service and Skelton's in-person payments to the Bureau three days before the sale as sufficient evidence that he had actual notice or, "at the very least, had constructive notice" of the impending sale. *Id.* at 2-3. The trial court concluded that because Skelton had actual notice prior to the September 2024 sale, he had no excuse for his untimely petition. Trial Ct. Op. at 2-3.

However, as noted, Skelton asserted that the Bureau failed to comply with the RETSL's requirements to properly notify him of the sale of his property both before and after it occurred. Petition at 2-3. The trial court improperly put the

cart before the horse by considering the evidence of notice, which is relevant to determining a bureau's compliance with the RETSL, before resolving the separate question of whether Skelton's petition was timely. Given Section 607(g)'s clear statement that allegations of defective notice are specifically exempt from Section 607(a.1)(1)'s requirement that challenges must be filed within 30 days after the confirmation nisi, the trial court erred in determining that because Skelton had actual notice, his petition was untimely.

Relatedly, Section 5527(b) of the Judicial Code, 42 Pa.C.S. § 5527(b), requires that a tax sale challenge must be initiated within six years of the date of sale, "regardless of a lack of notice." *Pfeifer v. Westmoreland Cnty. Tax Claim Bureau*, 127 A.3d 848, 854 (Pa. Cmwlth. 2015); *see also In re Sale of Real Est. by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 631 (Pa. Cmwlth. 2021) (quoting *Pfeifer*). Skelton filed his December 2024 petition within six years of the September 2024 sale, so statute of limitations concerns do not arise here.

## IV. Conclusion

In light of the foregoing, the trial court's January 22, 2025, order denying as untimely Skelton's petition to set aside the sale is reversed. This matter is remanded to the trial court to consider the merits of Skelton's challenge to the Bureau's notices both before and after the sale of his property, based on the record developed at the January 2025 hearing.

_____
CHRISTINE FIZZANO CANNON, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Tax Repository Sale of Tax : 
Delinquent Properties September : 
23, 2024, Parcel No. 15-28-0113 : 
Petitioner Benjamin Skelton : 
                            : No. 218 C.D. 2025
Appeal of: Benjamin Skelton :

# **O R D E R**

AND NOW, this 31st day of July, 2026, the January 22, 2025, order of the Court of Common Pleas of Fayette County is REVERSED. The matter is REMANDED to the Court of Common Pleas of Fayette County for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

 

_____
CHRISTINE FIZZANO CANNON, Judge